NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0796n.06
Filed: September 20, 2005

No. 04-5782

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellee*, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| CHARLES CLAYTON KOGER, | ) | **O P I N I O N** |
| | ) | |
| *Defendant-Appellant*. | ) | |

BEFORE:     COLE and ROGERS, Circuit Judges; and BECKWITH, Chief District Judge[*]

**PER CURIAM.**   Defendant-Appellant Charles Koger appeals the denial of his motion to

suppress evidence discovered during a traffic stop.  Because the arresting officer validly approached

the vehicle as part of his "community caretaking" function, and because, after approaching the

vehicle, the arresting officer noticed a strong smell of marijuana, we affirm the district court's denial

of the motion to suppress and thus affirm Koger's conviction.  However, because the parties have

agreed to resentencing under *United States v. Booker*, 125 S. Ct. 738 (2005), we vacate Koger's

sentence and remand for resentencing.

---

[*]The Honorable Sandra S. Beckwith, Chief United States District Judge for the Southern
District of Ohio, sitting by designation.

**I.**

On December 24, 2002, at approximately 1:00 a.m., Donny Phillips and Chris Yancey, deputies of the Scott County, Tennessee, Sheriff's Department, were on routine patrol in their squad car. Deputy Phillips observed a vehicle illegally stopped on Highway 27, which is also known as Glasshouse Road. The deputies noticed that the car was running and partially blocking the road. Upon approaching the vehicle, the deputies observed that Defendant-Appellant Charles Koger appeared to be asleep or unconscious in the driver's seat. After Deputy Phillips tapped on the side of the vehicle, Koger rolled down the window.

Deputy Phillips immediately noticed a strong odor of marijuana. After being asked if everything was okay, Koger stated that he had had a fight with his wife, that he left to "cool off," and that he had been asleep in the vehicle for thirty to sixty minutes. Deputy Phillips asked Koger for his license, and upon conducting a computer check learned that the license was suspended. Deputy Phillips asked Koger to exit the car and inquired whether there were any illegal drugs or weapons in the vehicle. Koger initially replied that there were not, but eventually admitted there was a very small bag of marijuana between the front seats of the vehicle. Koger then gave the deputies permission to search the vehicle.

Upon the arrival of a second police car, the two deputies in that car assisted Phillips and Yancey with a search of Koger's vehicle. The deputies located not only the bag of marijuana described by Koger, but also a briefcase containing twelve additional bags of marijuana, a smoking pipe, baggies, digital scales, rolling papers, some pills, and a handgun. The deputies then arrested Koger for possession of marijuana, being armed during the commission of a felony, and driving on

a suspended license. Deputy Phillips testified that, at this point, Koger, not in response to any questioning from the deputies, "kindly tilted his head down and stated that everything was his."

Koger later moved to exclude evidence discovered in the search, in addition to the voluntary statement he made outside the car. At the hearing on his motion to suppress this evidence, Koger claimed that his car had been parked "half on, half off" of Glasshouse Road, and that it had not been blocking traffic. Koger also stated that the car had not been running and that he had not been aware that his license had been suspended. Koger further testified that he had never consented to a search of the vehicle, stating at the time that his wife owned the car and that the deputies were required to obtain permission from her to search it. Koger also claimed that the briefcase in the car had been locked, and that the deputies had unlawfully broken the lock in order to conduct a search.

In his Report and Recommendation, Magistrate Judge Shirley concluded that none of the evidence discovered in the search of the car would be suppressed. He first noted that the initial approach to the car was lawful, stating that the deputies had probable cause to approach the vehicle and investigate the situation in that the vehicle obstructed traffic. Judge Shirley also concluded that even if the car had not been illegally parked or running at the time the deputies approached it,

> as a "community caretaker" Deputy Phillips, after noticing a seemingly unconscious occupant parked late at night on a desolate stretch of road, had the authority, and perhaps the responsibility, to investigate by approaching the defendant's car under the reasonable fear that the apparently unconscious occupant was either in danger (perhaps hurt or ill), or was impaired such that upon awaking and driving, he could constitute a danger to others.

Judge Shirley found that the strong smell of marijuana emanating from the vehicle provided both reasonable suspicion for further investigation and probable cause to search the car, and

therefore that the search and discovery of evidence did not violate the Fourth Amendment. Judge

Shirley concluded, as well, that though driving without a license is not an arrestable offense, having

found the marijuana the deputies certainly had probable cause to arrest Koger. Thus, the arrest was

not unlawful under the Fourth Amendment. Finally, the judge found that Deputy Phillips's

uncontradicted testimony disclosed that Koger's statement that the items in the car belonged to him

was not in response to any questioning by the police. Since the statement was not made in response

to police questioning, Judge Shirley found, under *Miranda v. Arizona*, 384 U.S. 436 (1966), that

Koger's Fifth Amendment rights would not be violated by the admission of his statement admitting

to ownership of the items in the vehicle. Over objections from Koger as to the search, and the

Government, regarding the statement as to the marijuana's location, the district court adopted Judge

Shirley's Report and Recommendation.

Koger eventually pleaded guilty to possessing, with the intent to distribute, a quantity of

marijuana; and possessing a firearm in furtherance of a drug-trafficking crime, in violation of 21

U.S.C. § 841 and 18 U.S.C. § 924(c), reserving his right to appeal the suppression issues. Koger

then filed this timely appeal, in which his attorney has filed a brief under *Anders v. California*, 386

U.S. 738 (1967), stating that she does not believe that the district court's denial of Koger's motion

to suppress raises any arguable issues that could be resolved in Koger's favor on appeal.


**II.**

When reviewing a district court's judgment on a motion to suppress, we review factual issues

for clear error and findings of law *de novo*. *See, e.g.*, *United States v. Hudson*, 405 F.3d 425, 431

(6th Cir. 2005).  After careful review of Koger's brief, the district court's  Memorandum and Order, and the magistrate judge's Report and Recommendation, we conclude that the district court's denial of the motion to suppress should be affirmed in all respects.  Accordingly, the issuance of a more detailed opinion would serve no useful purpose, and we therefore **AFFIRM** Koger's conviction.

The parties agree, however, that *United States v. Booker*, 125 S. Ct. 738 (2005), requires that Koger be resentenced.  We therefore **VACATE** Koger's sentence and **REMAND** the case for resentencing consistent with *Booker*.